IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES L. BURGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0494-CV-W-ODS |
| ) | |
| KANSAS CITY AREA ) | |
| TRANSPORTATION AUTHORITY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING DEFENDANT KANSAS CITY AREA
TRANSPORTATION AUTHORITY'S MOTION TO DISMISS

Pending is Defendant Kansas City Area Transportation Authority's Motion to Dismiss (Doc. 7). The Motion is granted.

I. BACKGROUND

The facts in Plaintiff's *pro se* First Amended Complaint allege the following: On December 21, 2009, Plaintiff, Charles L. Burgett ("Burgett"), boarded a Kansas City Area Transportation Authority ("KCATA") bus and paid his fare with a daily unlimited-ride pass. First Amended Complaint (Doc. 5), ¶ 1. The bus driver, Shelia Porter ("Porter"), allegedly shouted at Burgett and said he had to pay or get off the bus. *Id.*, ¶ 3. Plaintiff then swiped his fare card a second time. *Id.*, ¶ 3. Porter allegedly "exhibited hostility toward Burgett, kept shouting and repeating that Burgett could not 'ride around.'" *Id.*, ¶ 4. After Porter told Burgett he had to get off the bus, and Burgett refused to exit, Porter called her KCATA supervisor, Virgil Lienhard ("Lienhard"), and reported that Burgett was rude to her. *Id.*, ¶ 5-6. The Complaint alleges that "Porter knew her statement was deceptive, and was made maliciously for the purpose of subjecting Burgett to criminal prosecution." *Id.*, ¶ 6. Lienhard told Burgett he would call the police if Burgett did not get off the bus. *Id.*, ¶ 6. Police Officer Brent Cartwright ("Cartwright") and three other officers arrived and Burgett eventually exited the bus. *Id.*,

¶ 7-8.  Burgett started to walk away when Cartwright informed Burgett that he needed Burgett's I.D. and social security number.  *Id.*, ¶ 8.  Burgett handed Cartwright his I.D. but did not give Cartwright his social security number.  *Id.*, ¶ 8.  "Due to Burgett's refusal to give Cartwright his Social Security Number, Cartwright turned to Lienhard and asked him if he wanted Burgett arrested for trespassing because Burgett allegedly had not been cooperating with him."  *Id.*, ¶ 9.  Burgett was then arrested and jailed for nearly 18 hours.  *Id.*, ¶ 10.

Plaintiff's *pro se* First Amended Complaint alleges four counts:
- Count I—Assault and Battery
- Count II—False Arrest and Imprisonment
- Count III—Malicious Prosecution
- Count IV—Negligent Training and Supervision

Plaintiff also alleges constitutional challenges under 42 U.S.C. § 1983 in Counts I, II, III, and IV.  The only Counts alleged against KCATA are Counts I, II, and III.

## II. STANDARD

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The claim for relief must be "'plausible on its face,'" meaning it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)).  Mere "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient.  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).  Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson, 551 U.S. at 94 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. State Law Claims

Defendant KCATA argues that the state law claims in Counts I, II, and III are barred by the doctrine of sovereign immunity. The Court agrees.

"[S]overeign immunity is simply the rule that the state cannot be sued in its own courts without its consent." *State ex rel. Missouri Div. of Family Services v. Moore*, 657 S.W.2d 32, 34 (Mo. Ct. App. 1983). "If the claimant can show no waiver, he is barred from suing the sovereign in its courts." *Id.* Section 537.600 of the Missouri Revised Statutes establishes the rule of law that "public entities" are immune from liability and suit for negligent acts or omissions.

In this case, KCATA is a "public entity" and thus Plaintiff is barred from suing KCATA pursuant to the doctrine of sovereign immunity. The term "public entity" includes "any multistate compact agency created by a compact formed between this state and any other state which has been approved by the Congress of the United States." Mo. Rev. Stat. § 537.600.3. KCATA is organized as a multistate compact agency by the State of Missouri and the State of Kansas to operate a bus system in the Kansas City area transportation district. Mo. Rev. Stat. § 238.010.

Plaintiff has failed to show that KCATA's sovereign immunity has been waived. Under Missouri's sovereign immunity statute, sovereign immunity is waived in two limited instances: (1) injuries resulting from the operator of a motor vehicle; and (2) injuries caused by dangerous condition of pubic entity's property. *State ex rel. Class Medical Center v Mason*, 796 S.W.2d 621, 622 (Mo. 1990) (en banc) (citing Mo. Rev. Stat. § 537.600.1(1)-(2)). Neither situation emerges in this case. Counts I, II, and III of Plaintiff's Complaint are for assault and battery, false arrest and imprisonment, and malicious prosecution. "Intentional torts have consistently been found to fall within the shield of sovereign immunity." *Mitchell v. Village of Edmundson*, 891 S.W.2d 848, 850 (Mo. Ct. App. 1995). *See also Carmelo v. Miller*, 569 S.W.2d 365, 367-68 (Mo Ct. App. 1978) (holding that sovereign immunity doctrine applied to a claim for assault and battery and false imprisonment). Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with respect to the state law claims.

3

B. Federal Law Claims

The claims directed toward the KCATA are found in Counts I, II, and III. In those counts, Plaintiff alleges constitutional challenges under 42 U.S.C. § 1983. Defendant KCATA argues that the federal law claims fails for lack of personal involvement. The Court agrees.

To survive a motion to dismiss on a Section 1983 claim, Plaintiff must allege facts to demonstrate that Defendant's actions affected him personally. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claims are not cognizable in a Section 1983 suit when plaintiff's failed to allege that defendant was personally involved in or had direct responsibility for incidents that injured plaintiff). Respondeat superior or vicarious liability will not attach under § 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). A plaintiff must "identify either an official . . . policy or a widespread custom or practice that caused [his] injury." *Garrett v. Clarke*, 147 F.3d 745, 747 (8th Cir. 1998).

In this case, the Amended Complaint fails to allege any facts to demonstrate that KCATA's actions affected him personally. The Complaint only alleges facts about KCATA employees and intimates KCATA is automatically liable for its employees' constitutional violations. KCATA cannot be held liable under section 1983 based on respondeat superior for the alleged acts of its employees. Accordingly, the Court grants Defendant KCATA's Motion to Dismiss with respect to Plaintiff's federal law claims.

IV. CONCLUSION

The Court grants Defendant KCATA's Motion to Dismiss.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 7, 2013  UNITED STATES DISTRICT COURT