IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES L. BURGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0494-CV-W-ODS |
| ) | |
| KANSAS CITY AREA ) | |
| TRANSPORTATION AUTHORITY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER AND OPINION GRANTING DEFENDANTS BROOKS, JAMES, PELOFSKY, WASSON-HUNT, RADER, AND CARTWRIGHT'S MOTION TO DISMISS</u>

Pending is Defendants Brooks, James, Pelofsky, Wasson-Hunt, Rader, and Cartwright's Motion to Dismiss (Doc. # 59). Brooks, James, Pelofsky, Wasson-Hunt, and Rader move to dismiss Counts IV of the Third Amended Complaint. Cartwright moves to be dismissed from Counts I-III of the Third Amended Complaint. The Motions are granted.

I. BACKGROUND

The *pro se* Third Amended Complaint alleges the following: On December 21, 2009, Plaintiff, Charles L. Burgett ("Burgett") was arrested while riding on a Kansas City Area Transportation Authority ("KCATA") bus driven by Shelia Porter ("Porter"). Third Amended Complaint ("TAC") (Doc. # 53), ¶ 7-11. Burgett alleges that Officer Cartwright ("Cartwright") intentionally assaulted and battered him by threatening to drag him off the bus, grabbing his arm, and placing him in handcuffs. TAC ¶ 16-17. Burgett also alleges he was falsely arrested and falsely imprisoned. TAC ¶ 26-34. Burgett contends that the members of the Board of Police Commissioners of Kansas City—Defendants Brooks,

James, Pelofsky, Wasson-Hunt and Rader (collectively "the individual commissioners")—negligently trained and supervised Cartwright. TAC, ¶ 44-50.

On December 20, 2011, Burgett filed a state-court petition in Jackson County Associate Circuit Court. (Doc. # 69.2). The case was dismissed without prejudice on February 29, 2012. (Doc. # 65.1). Burgett then filed another state-court petition on February 27, 2013, which Defendants removed to this Court on May 17, 2013. (Docs. # 1 & 1-2).

Burgett filed an Amended Complaint on June 7, 2013, adding the individual commissioners as Defendants. (Doc. # 5). On July 11, 2013, the Court dismissed Defendant Kansas City Board of Police Commissioners. (Doc. # 9). The Court dismissed KCATA from Counts I-III. (*See* Docs. # 11 & 57). The individual commissioners and Cartwright filed Motions to Dismiss on September 16, 2013, and October 23, 2013, respectively. (Docs. # 20 & 33). Burgett filed a Second Amended Complaint on October 28, 2013. (Doc. # 35). The individual commissioners filed a motion to dismiss on November 12, 2013. (Doc. # 44). Cartwright filed an answer. (Doc. # 43).

On November 27, 2013, Burgett filed his Third Amended Complaint. (Doc. # 53). The Third Amended Complaint alleges seven counts:

- Count I—Assault & Battery by Cartwright, KCATA, Porter, and Lienhard[1]
- Count II—False Arrest & Imprisonment by Cartwright, KCATA, Porter, and Lienhard
- Count III—Malicious Prosecution by Cartwright, KCATA, Porter, and Lienhard
- Count IV—Negligent Training & Supervision by Rader, Brooks, Wasson-Hunt, Pelofsky, and James
- Count V—Negligent Training & Supervision by KCATA
- Count VI—Excessive Force by Cartwright
- Count VII—Racial Discrimination by KCATA, Porter, and Lienhard

Plaintiff also alleges constitutional challenges under 42 U.S.C. § 1983 in Counts I-VI. As indicated above, the only Count alleged against the individual commissioners is Count IV. The caption indicates that the individual commissioners are sued in their

---

[1] Defendant Lienhard is a KCATA supervisor.

individual and official capacities. The only Counts making allegations against Cartwright are Counts I, II, III, and VI.

## II. STANDARD

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim for relief must be "'plausible on its face,'" meaning it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). Mere "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Additionally, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Individual Commissioners

The individual commissioners move to be dismissed from Counts I-IV of the Third Amended Complaint. However, the individual commissioners were not named in Counts I-III so their request to be dismissed from those Counts is unnecessary. The Court will focus on Count IV, which is the only Count raised against the individual commissioners.

Burgett has sued the individual commissioners both in their individual and official capacities. In order to survive a motion to dismiss on a § 1983 claim against the individual commissioners in their individual capacities, Burgett must allege facts demonstrating that Defendants' actions affected him personally. *Martin v. Sargent*, 780

3

F.2d 1334, 1338 (8th Cir. 1985) (claims are not cognizable in a Section 1983 suit when plaintiff's failed to allege that defendant was personally involved in or had direct responsibility for incidents that injured plaintiff). Respondeat superior or vicarious liability will not attach under § 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

In this case, Burgett has failed to state a claim against the individual commissioners in their individual capacities because there are no facts in the Third Amended Complaint alleging that the individual commissioners did anything personally to Burgett. The Third Amended Complaint only alleges facts about Cartwright and intimates that the individual commissioners should be liable for Cartwright's alleged constitutional violations. The individual commissioners cannot be held liable under § 1983 based on respondeat superior for Cartwright's alleged acts. Absent any allegations of personal involvement by the commissioners, Count IV must be dismissed to the extent Count IV raises a federal claim against the individual commissioners in their individual capacities.

Burgett also seeks to hold the individual commissioners responsible in their official capacities, alleging Cartwright was not properly trained and supervised. A claim brought under § 1983 only imposes liability upon a municipality or similar government entity, like the Board of Police Commissioners of Kansas City, if the entity itself caused the constitutional injury. A theory of respondeat superior is insufficient for liability to attach; an entity causes the deprivation only if the deprivation occurs pursuant to an official policy or custom. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

The inadequacy of police training and supervision may serve the basis for § 1983 liability if the failure to supervise and train "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Wever v. Lincoln County*, 388 F.3d 601, 606 (8th Cir. 2004). "The plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts." *Wever*, 388 F.3d at 606. "This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Id.*

4

Here, Burgett failed to allege any facts to support a claim that the individual commissioners failed to adequately train or supervise Cartwright or any other officer, or that such a failure caused any deprivation of Burgett's constitutional rights. Burgett points to no policy or custom that caused a constitutional violation. Instead, Burgett alleges the individual commissioners failed to "train, investigate wrongdoing, discipline, ensure that policies are followed and enforced, and exercise the proper degree of control and supervision of Cartwright" and that his injuries and damages were a result of the Defendants' "policy and custom that enables its police officers to engage in racial misconduct and to infringe on the constitutional rights of Black Males." TAC, ¶ 48-49. At best, Burgett alleges a single incident of his own arrest and detention. This is insufficient. "Generally, an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013). Accordingly, Count IV must be dismissed to the extent Count IV raises a federal claim against the individual commissioners in their official capacities.

## B. Defendant Cartwright

Defendant Cartwright joins the Motion to Dismiss only as to Counts I-III, which he contends are barred by the statute of limitations. The Court agrees.

The events giving rise to Burgett's claims occurred on December 21, 2009. Burgett initially filed a state-court petition in Jackson County Associate Circuit Court on December 20, 2011. (Doc # 69.2). Cartwright was not a party to the December 2011 action. The case was later dismissed without prejudice on February 29, 2012. (Doc. # 65.1). Burgett then filed this suit in state court on February 27, 2013, and included Cartwright as a Defendant. (Doc. # 1-2). The suit was later removed to this Court.

An action for assault, battery, false imprisonment, and malicious prosecution must all be brought within two years. Mo. Rev. Stat. § 516.140. The savings statute provides that if a plaintiff's original action is timely commenced and later dismissed without prejudice, the plaintiff may file a new action within one year of the dismissal. Mo. Rev. Stat. § 516.230. However, the savings statute applies "where the cause of

5

action in the second suit is the same cause of action alleged in the first suit and the defendant in the second suit is the same as in the first." *Centerre Bank of Kansas City, Nat. Ass'n v. Angle*, 976 S.W.2d 608, 616 (Mo. App. 1998) (citing *Foster v. Pettijohn*, 358 Mo. 84, 90 (Mo. 1948)).

Burgett contends Cartwright should not be dismissed from Counts I-III (claims for Assault & Battery, False Arrest & Imprisonment, and Malicious Prosecution) because the claims are not barred by the statute of limitations. Burgett argues the December 2011 action was commenced within the two-year statute of limitations, and he asserts that he timely commenced the February 2013 within one year after the February 2012 non-suit. However, Cartwright was not a party to the December 2011 action, thus the claims in Counts I-III against Cartwright were not benefited by the savings statue. Accordingly, Counts I-III against Cartwright were filed outside of the applicable two-year statute of limitations period under Mo. Rev. Stat. § 516.140. The Court dismisses Cartwright from Counts I-III.

## IV. CONCLUSION

For the aforementioned reasons, the Motion to Dismiss is granted. The Court dismisses Cartwright from Counts I, II, and III. The Court also dismisses Count IV in its entirety. Thus, Defendants Brooks, James, Pelofsky, Wasson-Hunt, Rader are dismissed from this case in both their individual and official capacities.

IT IS SO ORDERED.

                                                               /s/ <u>Ortrie D. Smith</u>
                                                             ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 19, 2014                UNITED STATES DISTRICT COURT