IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES L. BURGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0494-CV-W-ODS |
| ) | |
| KANSAS CITY AREA ) | |
| TRANSPORTATION AUTHORITY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION GRANTING DEFENDANTS KANSAS CITY TRANSPORTATION AUTHORITY, SHELIA PORTER, AND VIRGIL LIENHARD'S MOTION TO DISMISS

Pending is Defendants Kansas City Transportation Authority, Shelia Porter, and Virgil Lienhard's Motion to Dismiss (Doc. # 55). The Motion is granted.

## I. BACKGROUND

The *pro se* Third Amended Complaint alleges the following: On December 21, 2009, Plaintiff, Charles L. Burgett ("Burgett") was arrested while riding on a Kansas City Area Transportation Authority ("KCATA") bus driven by Shelia Porter ("Porter"). Third Amended Complaint ("TAC") (Doc. # 53), ¶ 7-11. Burgett alleges that Officer Cartwright ("Cartwright") assaulted and battered him. TAC, ¶ 16-17. He also alleges he was falsely arrested, falsely imprisoned, and maliciously prosecuted. ¶ 26-43. Burgett alleges that Porter and Virgil Lienhard ("Lienhard"), a KCATA supervisor, "conspired and agreed with each other and Cartwright." TAC, ¶ 16, 27, 36. He also contends that the KCATA negligently trained and supervised Porter and Lienhard. TAC, ¶ 51-56. Finally, Burgett alleges that KCATA, Porter, and Lienhard "subjected Burgett to discrimination and were motivated based on racial grounds." TAC, ¶ 67.

On December 20, 2011, Burgett filed a state-court petition in Jackson County Associate Circuit Court. (Doc. # 69.2). The case was dismissed without prejudice on February 29, 2012. (Doc. # 65.1). Burgett then filed this suit in state court on February 27, 2013. The case was removed to this Court on May 17, 2013. (Docs. # 1 & 1-2).

On November 27, 2013, Burgett filed his Third Amended Complaint. (Doc. # 53). The Third Amended Complaint alleges seven counts:

- Count I—Assault & Battery by Cartwright, KCATA, Porter, and Lienhard
- Count II—False Arrest & Imprisonment by Cartwright, KCATA, Porter, and Lienhard
- Count III—Malicious Prosecution by Cartwright, KCATA, Porter, and Lienhard
- Count IV—Negligent Training & Supervision by Rader, Brooks, Wasson-Hunt, Pelofsky, and James
- Count V—Negligent Training & Supervision by KCATA
- Count VI—Excessive Force by Cartwright
- Count VII—Racial Discrimination by KCATA, Porter, and Lienhard

As discussed above, the only claims alleged against Porter and Lienhard are Counts I, II, III, and VII. The Court previously dismissed KCATA from Counts I-III. *See* Docs. # 11 & 57. Accordingly, the only remaining claims alleged against KCATA are Counts V and VII of the Third Amended Complaint.

## II. STANDARD

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim for relief must be "'plausible on its face,'" meaning it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). Mere "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Additionally, a "document filed *pro se* is to be liberally

construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted).

III. DISCUSSION

A. Counts I-III[1]

Porter and Lienhard contend that Counts I-III alleged against them in the Third Amended Complaint are barred by the statute of limitations. The Court agrees.

The events giving rise to Burgett's claims occurred on December 21, 2009. Burgett initially filed a petition in the Jackson County Associate Circuit Court on December 20, 2011. (Doc # 69.2). Porter and Lienhard were not parties to the December 2011 action. The case was later dismissed without prejudice on February 29, 2012. (Doc. # 65.1). Burgett then filed this suit in Jackson County Circuit Court on February 27, 2013, and included Porter and Lienhard as Defendants. (Doc. # 1-2). The suit was later removed to this Court.

An action for assault, battery, false imprisonment, and malicious prosecution must all be brought within two years. Mo. Rev. Stat. § 516.140. The savings statute provides that if a plaintiff's original action is timely commenced and later dismissed without prejudice, the plaintiff may file a new action within one year of the dismissal. Mo. Rev. Stat. § 516.230. However, the savings statute applies "where the cause of action in the second suit is the same cause of action alleged in the first suit and the defendant in the second suit is the same as in the first." *Centerre Bank of Kansas City, Nat. Ass'n v. Angle*, 976 S.W.2d 608, 616 (Mo. App. 1998) (citing *Foster v. Pettijohn*, 358 Mo. 84, 90 (Mo. 1948)).

Burgett contends Porter and Lienhard should not be dismissed from Counts I-III (claims for Assault & Battery, False Arrest & Imprisonment, and Malicious Prosecution) because the claims are not barred by the statute of limitations. Burgett argues the

---

[1] The Court previously dismissed KCATA from Counts I-III. *See* Doc. # 11 & 57. Therefore, KCATA's request to be dismissed from Count I-III is unnecessary.

3

December 2011 action was commenced within the two-year statute of limitations, and he asserts that he timely commenced the February 2013 within one year after the February 2012 non-suit. However, Porter and Lienhard were not parties to the December 2011 action,[2] thus the claims in Counts I-III against Porter and Lienhard were not benefited by the savings statue. Accordingly, Counts I-III against Porter and Lienhard were filed outside of the applicable two-year statute of limitations period under Mo. Rev. Stat. § 516.140. The Court dismisses Porter and Lienhard from Counts I-III to the extent it raises state law claims.

Burgett has also utilized language suggesting a constitutional component, but Counts I-III assert state causes of action, and he does not specifically allege a constitutional claim. Even if this were his intent, the effort would fail. Burgett alleges that Porter and Lienhard entered into a conspiracy with Defendant Cartwright to violate Burgett's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. "To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). The plaintiff must also allege a deprivation of a constitutional right or privilege. *Id.* "[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) (quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983)).

Burgett alleges Porter and Lienhard "conspired and agreed with each other and Cartwright"." TAC, ¶ 16, 27, 36. These allegations will not suffice to support a conspiracy claim as they are merely conclusory in nature. They fall short factually of suggesting any mutual understanding or "meeting of the minds" in any conspiracy to

---

[2] Burgett argues the caption and body of his December 2011 petition establish that Porter and Lienhard were parties to the action. The Court disagrees. Nowhere in the December 2011 petition are Porter and Lienhard mentioned. *See* Doc. # 69-2. Burgett also argues that because parties may be added at any stage, Counts I-III should not be barred by the statute of limitations. This argument is without merit.

deprive Burgett of his constitutional rights. Accordingly, Burgett's § 1983 claims referenced in Counts I-III against Porter and Lienhard fail to state a claim.

B. Count V

In Count V, Burgett alleges negligent training and supervision against KCATA. The Court is unsure whether Count V attempts to raise a state-law claim or a § 1983 claim. Nevertheless, the Court concludes Count V should be dismissed.

If Burgett is attempting to raise a state-law claim against KCATA for negligent training and supervision, the Court concludes his claim is barred by the doctrine of sovereign immunity. "[S]overeign immunity is simply the rule that the state cannot be sued in its own courts without its consent." *State ex rel. Missouri Div. of Family Services v. Moore*, 657 S.W.2d 32, 34 (Mo. Ct. App. 1983). "If the claimant can show no waiver, he is barred from suing the sovereign in its courts." *Id.* Section 537.600 of the Missouri Revised Statutes establishes the rule of law that "public entities" are immune from liability and suit for negligent acts or omissions. In this case, KCATA is a "public entity" and thus Plaintiff is barred from suing KCATA pursuant to the doctrine of sovereign immunity. The term "public entity" includes "any multistate compact agency created by a compact formed between this state and any other state which has been approved by the Congress of the United States." Mo. Rev. Stat. § 537.600.3. KCATA is organized as a multistate compact agency by Missouri and Kansas to operate a bus system in the Kansas City area transportation district. Mo. Rev. Stat. § 238.010.

Here, Plaintiff has failed to show that KCATA's sovereign immunity has been waived. Under Missouri law, sovereign immunity is waived in two limited instances: (1) injuries resulting from the operation of a motor vehicle; and (2) injuries causes by a dangerous condition of a public entity's property. *State ex rel. Class Medical Center v. Mason*, 796 S.W.2d 621, 622 (Mo. 1990) (en banc) (citing Mo. Rev. Stat. § 537.6001(1)-(2))). Neither situation emerges in this case.

Even if Burgett is attempting to allege a constitutional violation in Count V pursuant to § 1983, his claim fails. A claim brought under § 1983 only imposes liability upon a municipality or similar government entity, like the KCATA, if the entity itself

5

caused the constitutional injury. A theory of respondeat superior is insufficient for liability to attach; an entity causes the deprivation only if the deprivation occurs pursuant to an official policy or custom. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). Burgett's claims fail in two respects. First, Burgett has failed to assert a viable claim that KCATA's employees—Porter and Lienhard—violated his constitutional rights. Second, Burgett points to no policy or custom that caused a constitutional violation. Instead, Burgett alleges the KCATA "failed to train, investigate wrongdoing, discipline and exercise the proper degree of control and supervision of Porter and Lienhard" and that his injuries and damages were a "result of KCATA's actions and its persistent widespread custom that enables its employees to engage in racial misconduct and to infringe on the constitutional rights of Black Males." TAC, ¶ 54-55. This is insufficient. The Court dismisses Count V.

### C. Count VII

Count VII of the Third Amended Complaint includes a Title VI racial discrimination claim against KCATA, Porter, and Lienhard. Title VI of the Civil Rights Act of 1964 prohibits race discrimination in any program receiving federal funds:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d (1982).

### 1. Porter and Lienhard

Liability under Title VI is limited to the "recipient" of the funds, and not individuals. *See, e.g.*, *Shotz v. City of Plantation*, 344 F.3d 1161, 1170 (11th Cir. 2003) ("By extension, the text of Title VI also precludes liability against those who do not receive federal funding, including individuals."); *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996) ("Plaintiff's claim also fails because she asserts her claim against Lawson and Weaver and not against the school, the entity allegedly receiving the

6

financial assistance."); *Ajiwoju v. Cottrell*, No. 04-0715-CV-W-FJG, 2005 WL 1026702, at *2 (W.D. Mo. 2005) (individuals cannot be held personally liable under Title VI). Porter and Lienhard are individuals and Burgett has failed to allege they are recipients of federal funds. Count VII fails to state a claim against Porter and Lienhard.

### 2. KCATA

"To establish a prima facie case of discrimination under Title VI, the plaintiff must show (1) that the defendant is receiving federal funds, (2) that the plaintiff was discriminated against, and (3) the plaintiff's race, color, or national origin was the motive for the discriminatory conduct." *Scarlett v. School of Ozarks, Inc.*, 780 F. Supp. 2d 924, 933-34 (W.D. Mo. Jan. 24, 2011) (citing *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001); *Jackson v. Conway*, 476 F. Supp. 896, 903 (E.D. Mo. 1979); *Thompson v. Bd. of the Special School Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998)).

The Third Amended Complaint makes no allegations that KCATA had a policy of discrimination or took any such action in furthering racial discrimination against Burgett. Burgett has failed to identify a similarly situated person whom KCATA treated more favorably. The allegations in the Third Amended Complaint are conclusory in nature. *See Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (civil rights complaint must contain facts which state claim as matter of law and must not be conclusory). Accordingly, the Court dismisses KCATA from Count VII.

### IV. CONCLUSION

The Court dismisses Porter and Lienhard from Counts I, II, III, and VII, and dismisses KCATA from Counts V and VII. Accordingly, KCATA, Porter, and Lienhard are dismissed from this case.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 26, 2014   UNITED STATES DISTRICT COURT