IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES L. BURGETT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-0494-CV-W-ODS |
| KANSAS CITY AREA TRANSPORTATION AUTHORITY, et al., | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR ORDER IMPOSING COST OF SERVICE ON DEFENDANT SHELIA PORTER

Pending is Plaintiff's Motion for Order Imposing Cost of Service on Defendant Shelia Porter (Doc. # 64). The Motion is denied.

On April 12, 2013, Plaintiff unsuccessfully attempted to serve Defendant Shelia Porter ("Porter") via private process server at her place of business. On June 13, 2013, and July 23, 2013, Plaintiff attempted to serve Porter by mailing a notice of the commencement of the suit with the request that she waive service of summons. At least one of the mailings were addressed to Chad Stewart ("Stewart"). Porter did not respond to the notices and requests for waiver of service. On July 24, 2013, Stewart represented only Defendant Kansas City Area Transportation Authority ("KCATA"). He did not represent Porter and was not authorized to waive service on her behalf. On October 2, 2013, Plaintiff attempted service on Porter via private process server by leaving a copy of the summons with the KCATA, her employer. On October 7, 2013, Stewart entered his appearance on Porter's behalf and moved to quash the purported October 2, 2013 service. *See* Docs. # 24-25. The Court quashed service on Porter in its November 6, 2013 order. (Doc. # 41). Thereafter, Porter waived service. Plaintiff requests that the Court impose costs of service on Porter for failure to waive service on April 12, 2013, June 13, 2013, and July 23, 2013.

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2). Comments to the rule state, "[s]ufficient cause not to shift the cost of service would exist, however, if the defendant did not receive the request . . . ." Fed. R. Civ. P. 4 cmt. (d) (1993).

Here, Porter articulated good cause for her failure to waive service—that is, she never received Plaintiff's requests for waiver of service. For instance, the July 23, 2013 mailing was not addressed or mailed to Porter, rather it was addressed to Stewart.[1] Stewart had good cause to not accept service on behalf of Porter because at the time he was not the attorney of record for Porter. Because good cause has been shown for Porter's failure to waive service, Plaintiff's Motion is denied.

IT IS SO ORDERED.

DATE: February 26, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Exhibit 3 of Plaintiff's Motion depicts the contents of the June 13, 2013 mailing. (Doc. # 64-1). However, the Court is unable to determine the addressee, or the individual, entity, or address to which the package was delivered.